UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:15-cv-22465-UU

MANUEL L SALVAREZZA and all others
Similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

KELLEY COLLISION CENTER
CORPORATION, KELLEY VENTURES
LLC d/b/a KELLEY COLLISION CENTER,
KELLEY AUTOMOTIVE, INC.,
PHOENIX MOTORS, INC.
MICHAEL MORAN,
GRANT FITZWILLIAM,
KEVIN P. KELLEY,

    Defendants.
_____/

## DEFENDANTS KELLEY VENTURES LLC, PHOENIX MOTORS, INC. AND KEVIN P. KELLEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The defendants, Kelley Ventures LLC d/b/a Kelley Collision Center, Phoenix Motors, Inc. and Kevin P. Kelley ("Defendants"), file this Answer and Affirmative Defenses to the First Amended Complaint filed by the plaintiff, Manuel L. Salvarezza ("Plaintiff"), as follows:

### ANSWER

1. Defendants admit that this is an action under the Fair Labor Standards Act ("FLSA") in which Plaintiff seeks to recover damages for alleged unpaid overtime; however, Defendants deny any liability and deny that Plaintiff is entitled to any damages whatsoever.

2. Denied.

3. Defendants are without knowledge regarding Kelley Collision Center Corporation's business. Defendants deny that Kelley Collision Center Corporation was Plaintiff's

joint employer. Defendants deny all other allegations contained in Paragraph 3 of the First Amended Complaint.

4. Defendants admit that Kelley Ventures LLC d/b/a Kelley Collision Center is a limited liability company. Defendants deny all other allegations contained in Paragraph 4 of the First Amended Complaint.

5. Defendants are without knowledge regarding Kelley Automotive, Inc.'s business. Defendants deny that Kelley Automotive, Inc. was Plaintiff's joint employer. Defendants deny all other allegations contained in Paragraph 5 of the First Amended Complaint.

6. Denied.

7. Denied.

8. Denied.

9. Denied, as "the Defendant Corporation" is not identified.

10. Defendants deny the alleged acts or omissions, and further deny all other allegations contained in Paragraph 10 of the First Amended Complaint.

## Count I

11. Denied.

12. Admitted.

13. Defendants refer to the cited statutory text for its content.

14. Defendants admit that Plaintiff worked for Kelley Ventures, LLC as a car repair body man from or about January 11, 2013 through July 2015. Defendants deny all other allegations contained in Paragraph 14 of the First Amended Complaint.

15. Denied.

16. Denied.

17. Denied, as "the Defendant Corporation" is not identified.

18. Denied, as "the Defendant Corporation" is not identified.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 24 of the First Amended Complaint.

## Count II

Defendants reallege and incorporate herein by reference their responses to the allegations of paragraphs 1 through 24 of the First Amended Complaint.

25. Defendants refer to the cited statutory text for its content.

26. Denied.

27. Denied.

28. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 28 of the First Amended Complaint.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim against Defendants upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in party by the provisions of 29 U.S.C. § 207(i) because Plaintiff was paid in accordance with that exemption.

3. Plaintiff's FLSA claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because all actions taken by Defendants in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and/or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

4. Plaintiff's claims are barred to the extent that he worked any unreported hours and did so in violation of company policy and/or concealed the facts from Defendants.

5. Plaintiff's claims for liquidated damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

6. Any portion of Plaintiff's claim arising more than two years prior to the date upon which his complaint was filed is barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

7. Plaintiff has been paid in full relative to his employment with any of the Defendants.

8. Plaintiff's complaint fails to properly state, meet, plead and/or otherwise satisfy the requirements to maintain a collective action under the FLSA.

9. Plaintiff is not "similarly situated" to any other current or former employee of Defendants for purposes of the FLSA.

10. Defendants are entitled to a set-off in the amount of any overpayments made to or benefits conferred upon Plaintiff beyond the compensation and benefits agreed to by the parties both at the commencement of Plaintiff's employment and at all times during his employment.

11. Defendants reserve the right to assert additional affirmative or special defenses based upon the information learned through informal or formal discovery or further proceedings in this litigation.

WHEREFORE, Defendants assert that Plaintiff should take nothing in this action, and that Defendants should recover their costs and attorney's fees in this matter, together with such other and further relief as the Court deems just and proper.

Date:  July 30, 2015                                   Respectfully submitted,


                                                       By:   *s/ Cathy M. Stutin*
                                                             Cathy M. Stutin, Esquire
                                                             Fla. Bar No. 865011
                                                             cstutin@laborlawyers.com
                                                             Fisher & Phillips LLP
                                                             450 East Las Olas Boulevard
                                                             Suite 800
                                                             Fort Lauderdale, Florida 33301
                                                             Telephone (954) 525-4800
                                                             Facsimile (954) 525-8739

                                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 30, 2015**, I electronically filed DEFENDANTS KELLEY VENTURES LLC, PHOENIX MOTORS, INC. AND KEVIN P. KELLEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

*s/ Cathy M. Stutin*
Cathy M. Stutin, Esquire
Fla. Bar No. 865011
cstutin@laborlawyers.com
Fisher & Phillips LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendants*

**SERVICE LIST**
**CASE NO: 1:15-cv-22465-UU**

| | |
|---|---|
| J.H. Zidell | Cathy M. Stutin |
| Florida Bar No. 0010121 | Florida Bar No. 865011 |
| zabogado@aol.com | cstutin@laborlawyers.com |
| Elizabeth O. Heuber | FISHER & PHILLIPS LLP |
| Florida Bar No. 0073061 | 450 East Las Olas Boulevard |
| EOHueber@gmail.com | Suite 800 |
| Julia Garrett | Fort Lauderdale, FL 33301 |
| Florida Bar No. 0105151 | Telephone (954) 525-4800 |
| juliagarrettlaw@gmail.com | Facsimile (954) 525-8739 |
| J.H. ZIDELL, P.A. | |
| 300 71st Street | *Attorneys For Defendants* |
| Suite 605 | |
| Miami Beach, FL 33141 | |
| Telephone (305) 865-6766 | |
| Facsimile (305) 865-7167 | |

*Attorneys for Plaintiff*